IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Plaintiff, | * | |
| vs. | * | No. 4:13-cr-00179-SWW-008 |
| | * | |
| | * | |
| BURNETT SMITH, | * | |
| | * | |
| Defendant. | * | |

ORDER

Defendant Burnett Smith is under indictment for various drug and felon in possession of a gun charges. Before the Court is Defendant's motion [doc.#137] for review of the Magistrate Judge's detention order and for a hearing. For the reasons that follow, the Court affirms the Magistrate Judge's denial of pretrial release and denies Defendant's request for a hearing.

I.

Defendant, who has pleaded not guilty to the charges against him, made his initial appearance on June 11, 2013, and agreed to be detained at that time. Subsequently, the Magistrate Judge held a detention hearing on June 18, 2013. That same day, the Magistrate Judge entered an order of detention as to Defendant, finding as follows:

The Court finds by clear and convincing evidence that Defendant is a

danger to the community and by a preponderance of the evidence that Defendant is a flight risk. In coming to this conclusion, the Court considered the evidence presented, including the nature of Defendant's offense, his extensive criminal history including several failure to appear convictions and one escape conviction, and the fact that his children were exposed to his criminal behavior. Therefore, Defendant is remanded to the custody of the United States Marshal.

Order of Detention (E.D. Ark. June 18, 2013) [doc.#63].[1]

On November 21, 2013, Defendant, represented by new counsel, asked the Magistrate Judge to reconsider the order of detention. Defendant claimed that subsequent to the detention hearing, new facts and issues have come to light that support a reconsideration of the order of detention. Defendant argued that his health has reached a point at which it cannot be adequately treated at the Pulaski County Detention Center and that releasing him to his brother as third-party custodian, combined with the additional release conditions of electronic monitoring, weekly meetings with pretrial services, and any additional conditions the Court deems necessary, will ensure his appearance and the safety of the community.[2] Defendant argued that this qualified as "new information" under 18

---

[1] During the detention hearing, the Magistrate Judge noted, and Defendant does not dispute, that Defendant has "got ten failure to appear charges, seven of them resulting in a conviction, and one escape that was a conviction." Tr. at 32.

[2] Defendant states that in addition to being a diabetic, he suffers from myasthenia gravis, an autoimmune neuromuscular disease. Defendant states that myasthenia gravis exhibits itself through weakness of voluntary skeletal muscles and that he is experiencing difficulty controlling his eye and eyelid movement, difficulty talking, and, perhaps most concerning, difficulty swallowing and breathing. Defendant states that respiratory failure is one of the serious

U.S.C. § 3142 and, therefore, justified the Magistrate Judge reconsidering his ruling.

On November 25, 2013, the Magistrate Judge denied Defendant's motion for reconsideration of order of detention, finding as follows:

> The Court finds that the proposed new information – Anthony Maltbia is now willing to serve as a third-party custodian – was, in fact, known and available to Mr. Smith at the time of his hearing. The Court also finds that his medical issues and the proposal of this third-party custodian do not bear materially on the issue of whether Mr. Smith poses a danger to the community. The Court found clear and convincing evidence that Mr. Smith posed a significant danger to the community if he was released. Such a finding under the Bail Reform Act precludes any form of conditional release, including release under the supervision of a third-party custodian. *See* 18 U.S.C. § 3142(e).

Order Denying Motion for Reconsideration of Order of Detention (E.D. Ark. November 25, 2013) [doc.#124].

## II.

The district court reviews a Magistrate Judge's detention order *de novo*. *United States v. Maull*, 773 F.2d 1479, 1484 (8th Cir. 1985) (en banc). Pursuant to 18 U.S.C. § 3145(b), the motion "shall be determined promptly." The district court may either hold an evidentiary hearing or review the pleadings and evidence developed before the Magistrate Judge. *United States v. Gaviria*, 828 F.2d 667

---

complications associated with myasthenia gravis and that the medical staff at Pulaski County Detention Facility lack the specialization and training necessary to treat someone with myasthenia gravis.

(11th Cir. 1987); *United States v. Hensler*, 18 F.3d 936 (5th Cir. 1994) (unpublished per curiam); see also *United States v. Barber*, No. 5:12-cr-50035-001, 13-50004-001, 2013 WL 3580195, *1 (W.D. Ark. July 12, 2013) ("Although the review is *de novo*, and the Court has the power to hold an evidentiary hearing if necessary and desirable, the Court may also simply review the evidence that was before the Magistrate and make an independent determination of whether the Magistrate's findings are correct.").

Upon *de novo* review of the pleadings and the transcript of the detention hearing that was held on June 18, 2013, and having considered relevant factors, including the nature and circumstances of the offense charged, the weight of the evidence against the Defendant, the history and characteristics of the Defendant, and the nature and seriousness of the danger to the community or to an individual, see 18 U.S.C. § 3142(g), the Court finds no reason to revoke or amend the detention order. The Court finds that the Magistrate Judge accurately set forth the relevant facts and that his findings are supported by the record. Defendant has failed to demonstrate that a condition or combination of conditions will reasonably assure the safety of the community if he is released to a third-party custodian, whether it be his brother (Anthony Maltbia) or his mother (Vavia Jean Smith) who is a former nurse. In this respect, the Court, based on clear and convincing

evidence, agrees with the Magistrate Judge that Defendant poses a significant danger to the community if he were released and that his medical issues and the proposal of this third-party custodian do not bear materially on that determination.[3] Such a finding under the Bail Reform Act precludes any form of conditional release, including release under the supervision of a third-party custodian. See 18 U.S.C. § 3142(e).

IT IS THEREFORE ORDERED that the Magistrate Judge's denial of Defendant's pretrial release is hereby affirmed and Defendant's request for a hearing [doc.#137] is denied.

Dated this 23rd day of January 2014.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE

---

[3] A special agent with the Drug Enforcement Administration testified at the detention hearing that during a search of Defendant's residence (pursuant to a warrant) agents found, *inter alia*, "a .357 Magnum revolver, the serial number of which was defaced and attempted to be hidden. It was loaded with six rounds at the time. We also found a Hi-Point 9 millimeter rifle in the trunk of Mr. Smith's vehicle parked in front of the residence. And then we also found a .22 caliber revolver, which was loaded with six rounds, also in the trunk of that vehicle. Found a magazine, a 9 millimeter magazine, which fit the rifle. The magazine was located in the bedroom of Mr. Smith's residence." Tr. at 5-6. The Magistrate Judge noted, and the Court agrees, that Defendant essentially "freely admitted that the .357 pistol was his," Tr. at 31, and that "[a]dditionally, I think the situation where he's involved in criminal activity with his son, and then a two year old in the home, makes him a absolute danger to the community." Tr. at 32.